IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SHARON B. ELLISON, | ) |
| Petitioner, | ) |
| v. | ) CV 108-081 |
| ROBERT S. MUELLER, III, Director, FBI, et al., | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because Petitioner's petition for a writ of mandamus was filed IFP, it must be screened to protect potential Respondents. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a petition, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Accordingly, on September 4, 2008, the Court reviewed Petitioner's petition in conformity with the IFP statute. Because of pleading deficiencies, Petitioner was directed to file an amended petition. (Doc. no. 10). Petitioner filed her amended petition (which she has titled an "Amended Complaint"), and it is that document that the Court will now screen. (Doc. no. 13).

## I. BACKGROUND

*Liberally* construing Petitioner's amended petition, the Court finds the following. Petitioner names as Respondents: (1) the Federal Bureau of Investigation ("FBI"), (2) Robert S. Mueller, III, Director of the FBI, and (3) Anthony Russo, an FBI supervisory agent. (Id. at 1). Petitioner states that on June 18, 2008 and in August and September 2007, she made oral and written complaints to Respondents regarding certain alleged civil rights abuses, one or more incidents of sexual assault, and conspiracy violations committed by unknown persons acting as state officials. (Id. at 2). Petitioner further alleges that Respondents "willfully and wantonly refuse[d] to investigate" these claims and thereby "refused to perform a ministerial duty." (Id.). As relief, Petitioner requests that Respondents be required to investigate the claims she has made, including the alleged civil rights abuses, and that Respondents report the results of the investigations to the Attorney General. (Id. at 3-4).

## II. DISCUSSION

Petitioner's amended petition fails to state a claim upon which relief may be granted. At the outset, the Court notes that "mandamus is [only] proper if (1) [Petitioner] can show a clear right to the relief sought; (2) [Respondents] have a clear, non-discretionary duty to act; and (3) no other remedy is available." Nyaga v. Ashcroft, 323 F.3d 906, 911 (11th Cir. 2003) (*per curiam*) (citing Heckler v. Ringer, 466 U.S. 602, 617 (1984)). As Petitioner has

2

failed to satisfy the first and second requirements,[1] the issuance of a writ of mandamus in this action is not proper.

First, Petitioner cannot show that she is entitled to the relief she seeks because "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) (*per curiam*) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). Since Petitioner has no interest in the prosecution of unknown state officials, she has no right to demand that Respondents investigate and prosecute them. Thus, Petitioner cannot show that she has a clear right to the relief she seeks.

Furthermore, Respondents do not have a clear, non-discretionary duty to act. It is well settled that "[t]he decision to investigate and prosecute crimes is entrusted to the executive branch." Thibeaux v. U.S. Atty. Gen., 275 Fed. App'x 889, 892 (11th Cir. 2008) (*per curiam*) (citing U.S. Const. art. II, § 3; United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000)). Furthermore, the United States Attorney General has "broad discretion" in enforcing the country's laws. Wayte v. United States, 470 U.S. 598, 607 (1985) (citations omitted). Other federal appellate courts have held that mandamus may not be used to compel

---

[1] It is worth noting that an individual may bring an action for damages against a federal agent where the individual has been injured by the federal agent's alleged violation of the Fourth Amendment. Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 397 (1971). However, Petitioner here is not alleging that Respondents violated her Fourth Amendment rights. Furthermore, a Bivens claim against the FBI as a federal agency is not cognizable. See F.D.I.C. v. Meyer, 510 U.S. 471, 485-86 (1994) (refusing to extend Bivens to allow claims against a federal agency). Thus, while it appears that Petitioner *may* have no other remedy available to her, it is not necessary for the Court to make a finding on this issue because, as discussed below, Petitioner has failed to satisfy the other requirements for the issuance of a writ of mandamus.

3

federal officials to investigate or prosecute crimes because they have no mandatory duty to do so. See, e.g., Jarrett v. Ashcroft, 24 Fed. App'x 503, 504 (6th Cir. 2001) (holding that mandamus is not appropriate when seeking to compel the Attorney General or a United States Attorney to conduct investigations or initiate prosecutions against alleged civil rights violators); Jafree v. Barber, 689 F.2d 640, 643 (7th Cir. 1982) (holding that the initiation of a criminal investigation by the FBI is "clearly a discretionary act" and that the district court did not have the power to issue a writ of mandamus to compel an FBI special agent to investigate alleged criminal acts). The Eleventh Circuit has followed this line of decisions in holding that the decision to prosecute is not mandatory, but rather discretionary, and "prosecutorial discretion may not be controlled by a writ of mandamus." Thibeaux, 275 Fed. App'x at 892 (citing Otero, 832 F.2d at 141). Since the decision to prosecute any of the claims Petitioner makes against state officials in this matter is decidedly discretionary, Petitioner has failed to show that Respondents owe her any mandatory duty.

In sum, Petitioner has failed to show that she has a clear right to the relief sought or that Respondents have a clear, non-discretionary duty to act. Thus, she has failed to state a claim that would entitle her to the issuance of a writ of mandamus.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS AND RECOMMENDS** that Petitioner's case be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of November, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4